UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CYNTHIA ZIMMER, VELDA MURRILO, and DARRELL WORTHY,<br><br>    Defendants. | Case No. 1:23-cv-1223-JLT-HBK<br><br>SCREENING ORDER FINDING COMPLAINT FAILS TO STATE A CLAIM<br><br>OCTOBER 17, 2023 DEADLINE |

    Plaintiff Samuel Derek Jackson, who is proceeding pro se and *in forma pauperis*, initiated this action in the Sacramento Division of this Court by filing a Complaint for a Civil Case form. (Doc. No. 1, "Complaint"). On August 16, 2023, the Sacramento Court transferred the action to this Division because the alleged violations took place in Kern County. (Doc. No. 3; *see also* Doc. No. 1). Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    Screening Requirement**

    Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A

complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.     Summary of Complaint**

The Complaint names the following Defendants: (1) Cynthia Zimmer, Kern County District Attorney; (2) Velda Murrilo, "Social Worker," and Darrell Worthy, "Janitor." (Doc. No. 1 at 2-3). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "federal question." (*Id*. at 3). When requested to list the "Basis for Jurisdiction" for "Federal Question,"

1    Plaintiff states "Violations of Plaintiff's 5th, 6th, and 14th Amendment rights." (*Id*. at 4).  As
2    relief, Plaintiff requests "a collateral review" of his conviction, a new trial, or a finding that he is
3    "actually innocent" of the charges of which he was convicted, and monetary damages of $140.00
4    for each day he "spent behind bars." (*Id*. at 7).
5         Given Plaintiff's addresses of record and the information provided in his application to
6    proceed *in forma pauperis*, and as best as can be determined by this Court, Plaintiff is no longer
7    incarcerated on the conviction he challenges.  The Complaint does identify the date of the
8    conviction that Plaintiff challenges, but the Court presumes it was entered by the Kern County
9    Superior Court because Plaintiff identifies Cynthia Zimmer, the Kern County District Attorney as
10   a Defendant.   Liberally construed, the Complaint challenges Plaintiff's previously imposed state
11   court "unjust conviction and loss of liberty" under 42 U.S.C. § 1983.  (*Id*. at 8).  Plaintiff seeks to
12   challenge his conviction and sentence on the following grounds:  the prosecution failed to present
13   sufficient evidence of his guilt, his confession was made under duress and in violation of his
14   Miranda Rights, the trial court improperly permitted hearsay at trial, and the court erred by
15   "crediting" the prosecution witnesses' testimony over his witnesses' testimony. (*Id*. at 5, 7).
16   Plaintiff also seeks to offer what he claims is "newly discovered evidence" and attaches a hand-
17   written statement from Chandra Moore who states, "the charges brought against Samuel D.
18   Jackson involving me as a victim are false." (*Id*. at 8).
19        **III.    Analysis**
20         Because each of Plaintiff's claims stem from his underlying state court criminal
21   conviction and trial, his claims appear to be barred under *Heck v. Humphrey*, 512 U.S. 477
22   (1994), unless Plaintiff's criminal conviction has been reversed, expunged, or otherwise
23   invalidated.  *Id.*; *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014)
24   (explaining the Supreme Court's ruling in *Heck v. Humphrey* that a conviction or sentence cannot
25   be challenged under § 1983 until after the conviction or sentence is invalidated).  Specifically, if a
26   judgment in favor of a plaintiff in a § 1983 action "would necessarily imply the invalidity of his
27   conviction or sentence[,]" the claim must be dismissed.  *Heck*, 512 U.S. at 487.  In contrast, civil
28   suits that "threaten[ ] no consequence for [an inmate's] conviction or the duration of [their]

3

sentence" do not require plaintiffs to first exhaust habeas opportunities before filing their civil claims. *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

"In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir. 2002). Consequently, a plaintiff's claims would be barred if they depend on a theory that calls into question whether the plaintiff committed the offense for which he was convicted. In the Ninth Circuit, "application of *Heck* turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.'" *Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003)). A criminal conviction does not operate to bar a § 1983 action only in rare circumstances. A plaintiff may seek damages for an alleged *Miranda* violation but only if the plaintiff's conviction did not rely on the evidence obtained from that allegedly unlawful interview. *Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014). Claims challenging the sufficiency of the evidence, claims that evidence was not properly suppressed, claims of actual innocence, and claims of trial court error all impinge on the validity of a conviction and would fall within the ambit of *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Instead, the proper recourse for someone who wishes to challenge the legality of his conviction as violative of federal constitutional protections is to file a habeas corpus petition <u>after</u> such claimed federal constitutional errors have been fully exhausted through the state court habeas process. *Preiser v. Rodriquez*, 411 U.S. 475, 486 (1973). And although Plaintiff is no longer confined, it is unclear whether there are there are collateral consequences to his conviction, i.e., whether his release is subject to conditions such that a habeas petition would not be moot.

Further, to the extent that Plaintiff seeks monetary damages against Defendant, Cynthia Zimmer, the Kern County District Attorney, such claims are barred by prosecutorial immunity when the defendant was acting pursuant to their official role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity also applies to state prosecutors acting in their official

capacity. *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). Prosecutorial "immunity extends to actions during both the pre-trial and post-trial phases of a case." *Ramirez v. Morrell*, 2020 WL 3402394, at *2 (E.D. Cal. Jun. 19, 2020) (citing *Demery v. Kupperman*, 735.2d 1139, 1144 (9th Cir. 1984)). As a result, Plaintiff's claims against Defendant Zimmer appear to be barred because she is protected under prosecutorial immunity.

Finally, to state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Although Velda Murrilo and Darrell Worthy are named as Defendants, the Complaint contains no allegations as to what action either Defendant took or failed to take that violated Plaintiff's constitutional rights. Consequently, the Complaint fails to state a claim as to either Defendant Murrilo or Worthy.

Based on the foregoing, because the Complaint does not allege that Plaintiff's state conviction was invalidated, and the Court cannot infer that Plaintiff's alleged coerced confession was not introduced at trial, the Court finds that the claimed errors are not divorced from the validity of Plaintiff's conviction and are barred by *Heck*. Alternatively, the Court finds the Complaint otherwise fails to state a claim as to any of the named Defendants.

**IV.    Conclusion and Options**

To continue the prosecution of this action, Plaintiff must take one of the following three options on or before October 16, 2023.

**First Option**: Because Plaintiff is pro se and the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and

complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff chooses to file an amended complaint, he must include the date and case number of his state conviction, the nature of the offense for which he was convicted, his sentence, if appropriate, and expressly state whether his conviction has been invalidated. The amended complaint should be titled "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury.

**Second Option**: Plaintiff may file a Notice stating he intends to stand on his current Complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). If Plaintiff's conviction has not yet invalidated and his conviction has collateral consequences, he may wish to voluntarily dismiss this action and file a petition for writ of habeas corpus in a new action, assuming Defendant has already exhausted his states court habeas remedies.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1. **On or before October 17, 2023**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of

time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

       3.      The Clerk of Court shall include a blank non-prisoner civil rights complaint form and a petition for writ of habeas corpus form for Plaintiff's use as appropriate.

Dated:    September 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE