UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CYNTHIA ZIMMER, VELDA MURILLO, and DARRELL WORTHY,<br><br>　　　　Defendants. | Case No. 1:23-cv-01223-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with this Court's order.

**I. FACTS AND BACKGROUND**

Plaintiff Jackson, proceeding pro se and *in forma pauperis* filed a civil complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). The Complaint challenges Plaintiff's conviction and sentence in Kern County Superior Court. (*Id*. at 5, 7-8). As relief, Plaintiff requests "a collateral review" of his conviction, a new trial, or a finding that he is "actually innocent" of the charges of which he was convicted, and monetary damages of $140.00 for each day he "spent behind bars." (*Id*.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

at 7). Given Plaintiff's addresses of record and the information provided in his application to proceed *in forma pauperis*, and as best as can be determined by this Court, Plaintiff is no longer incarcerated on the conviction he challenges. The Complaint does not identify the date of the conviction that Plaintiff challenges, but the Court presumes it was entered by the Kern County Superior Court because Plaintiff identifies Cynthia Zimmer, the Kern County District Attorney as a Defendant. Liberally construed, the Complaint challenges Plaintiff's previously imposed state court "unjust conviction and loss of liberty" under 42 U.S.C. § 1983. (*Id*. at 8). Plaintiff challenges his conviction and sentence on the following grounds: the prosecution failed to present sufficient evidence of his guilt, his confession was made under duress and in violation of his Miranda Rights, the trial court improperly permitted hearsay at trial, and the court erred by "crediting" the prosecution witnesses' testimony over his witnesses' testimony. (*Id*. at 5, 7). Plaintiff also seeks to offer what he claims is "newly discovered evidence" and attaches a hand-written statement from Chandra Moore who states, "the charges brought against Samuel D. Jackson involving me as a victim are false." (*Id*. at 8).

On September 21, 2023, the undersigned screened Plaintiff's Complaint and found that it failed to state a cognizable claim. (Doc. No. 6). Before recommending dismissal of this action, the Court afforded Plaintiff three options to exercise no later than October 16, 2023: (1) file an amended complaint, (2) file a Notice indicating he wishes to stand on his Complaint subject to the undersigned recommending the district court dismiss the case; or (3) voluntarily dismiss the action without prejudice. (*Id*. at 5-6). The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order, *i.e.*, fails to elect and notify the Court of any of the three options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action. (*Id*. at 6-7). The deadline to respond has lapsed and Plaintiff has not elected any of the three options or otherwise moved for an extension of time.[2] (*See generally* docket).

////

---

[2] Plaintiff is not incarcerated and not entitled to the mailbox rule. Nonetheless, the undersigned afforded Plaintiff sufficient time for mailing either an amended complaint or notice in response to the September 21, 2023 Screening Order (14 days).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.  ANALYSIS

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be

overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, as set forth in the September 21, 2023 Screening Order, the Court already determined that the Complaint was not meritorious, so this factor does not weigh in favor of the Plaintiff.

Finally, the Court's warning to a party that failure to obey the court's order will result in

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's September 21, 2023, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 6 at 6-7). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or comply with the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5