UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA ZIMMER, VELDA MURILLO, and DARRELL WORTHY,<br><br>Defendants. | Case No. 1:23-cv-01223-JLT-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 9)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 10)<br><br>DECEMBER 27, 2023 DEADLINE |

Plaintiff Samuel Derek Jackson, a state prisoner, is proceeding pro se and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 4). Pending before the Court are Plaintiff's Objections to the Court's October 30, 2023 Findings and Recommendation, ("Objections") and Plaintiff's Motion for Appointment of Counsel ("Motion"), both which were filed on November 16, 2023. (Doc. Nos. 9, 10). As set forth below, the Court construes Plaintiff's Objections as a motion for extension of time and will grant the motion but will deny Plaintiff's Motion seeking appointment of counsel.

////

**MOTION FOR EXTENSION OF TIME**

On September 21, 2023, the Court issued a Screening Order finding Plaintiff's Complaint failed to state a cognizable federal claim. (*See* Doc. No. 6, "Screening Order"). Plaintiff was directed to take one of three actions no later than October 16, 2023: (1) file an amended complaint; (2) file a notice to stand on his complaint; or (3) file a notice of voluntary dismissal. (*Id*. at 5-6). Further, Plaintiff was advised that failure to notify the Court of one of the above options by October 16, 2023, or to timely request an extension of time, would result in the undersigned recommending dismissal for failure to prosecute. (*Id*. at 6-7 ¶ 2). After Plaintiff failed to timely respond to the Screening Order, the Court issued a Findings and Recommendation ("F&R"), recommending that this case be dismissed for Plaintiff's failure to prosecute and comply with the Court's September 21, 2023 screening order. (Doc. No. 8). Plaintiff timely filed Objections to the F&R, stating that he was homeless at the time the screening order was issued and did not receive it until November 5. (Doc. No. 9 at 1). As proof of his diligence, Plaintiff notes that he called the Court "on or around about [the time] of the Magistrate's first order" to inquire on the status of his case but was only told that it was "pending." (*Id*.). Plaintiff also filed a change of address at that time. (*Id*.). Although Plaintiff does not explicitly ask for an extension of time, he asks the Court to apply "equitable tolling" to find his filing timely. (*See id*. at 2). The Court construes his motion as seeking additional time in which to comply with the Court's September 21, 2023 Screening Order.[1]

For good cause shown, a court may grant an extension of time "if a request is made, before the original time or its extension expires" or, if made after the time has expired, the party shows excusable neglect. Fed. R. Civ. P. 6(b)(1)(A), (B). The instant motion was filed roughly one month after the deadline to respond to the Screening Order expired on October 17, 2023. The Court accepts Plaintiff's representation that his homelessness prevented his timely receipt of the Screening Order and thus constitutes excusable neglect, which is corroborated by docket entries

---

[1] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527 (9th Cir. 1983) (*quoting Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id*.

2

indicating that the Court's mailing to Plaintiff were returned undeliverable. (*See* docket). The Court will thus grant Plaintiff an extension of time, until **December 27, 2023**, to file a first amended complaint or otherwise respond to the Court's September 21, 2023 Screening Order.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff accompanied his construed request for an extension of time with a Motion seeking appointment of counsel. (Doc. No. 10). Plaintiff asserts that due to the complexity of his case, his indigency, and his lack of legal training, he needs assistance of counsel to prosecute his case. (Doc. No. 10 at 1). The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Notably, the Court has preliminarily determined that the relief Plaintiff seeks is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 6 at 3-5). Plaintiff's low likelihood of success on the merits weighs heavily against appointment of counsel. Nor has Plaintiff otherwise met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigency does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D.

3

Cal. Dec. 10, 2018).  Plaintiff's challenges, such as his lack of legal expertise, are the same faced by most if not all pro se litigants and as such do not amount to exceptional circumstances.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants.").  Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).  Moreover, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Because Plaintiff has not met his burden to demonstrate exceptional circumstances that warrant appointment of counsel, the Court denies the Motion.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections, construed as a request for extension of time (Doc. No. 9), is GRANTED to the extent Plaintiff shall file his first amended complaint and/or response to the Court's September 21, 2023 Screening Order **no later than December 27, 2023**.

2. If Plaintiff timely complies with this Order by filing either a first amended complaint or a response to the Court's September 21, 2023 Screening Order by December 27, the undersigned will vacate and/or amend her October 30, 2023 Findings and Recommendation.

3. If Plaintiff does not timely comply with this Order, the undersigned will not vacate her October 30, 2023 Findings and Recommendation and the Findings and Recommendation will be deemed submitted for consideration by the district court without further objection by Plaintiff.

4. Plaintiff is ordered to provide the Court with an updated address, per Local Rule 182(f), to ensure the Court's Orders can be successfully delivered.

5. Plaintiff's Motion for Appointment of Counsel (Doc. No. 10) is DENIED for the reasons set forth above.

Dated:   November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4