UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DEREK JACKSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>DARRELL WORTHY and CYNTHIA WORTHY,<br><br>                    Defendants. | Case No. 1:23-cv-01223-JLT-HBK<br><br>AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 12)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending review before the Court is Plaintiff's pro se First Amended Complaint. (Doc. No. 12). For the reasons set forth below, the undersigned recommends that the district court dismiss this action because the First Amended Complaint fails to state a cognizable federal claim and any further amendments would be futile.

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023). These Findings and Recommendations amend and supersede the undersigned's Findings and Recommendations issued on October 30, 2023 (Doc. No. 8).

1   such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129

2   (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A

3   complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

4   prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v.*

5   *Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must

6   include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.

7   R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same

8   standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152

9   F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to

10  state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable

12  inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court

13  accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738,

14  740 (1976). The Court does not accept as true allegations that are merely conclusory,

15  unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d

16  618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

17          Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the

18  light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

19  *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation

20  of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

21  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

22  *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to

23  advise a litigant on how to cure the defects. Such advice "would undermine district judges' role

24  as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

25  at 1131 n.13.

26                    **BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT**

27          Plaintiff initiated this action pro se in the Sacramento Division of this Court by filing a

28  "Complaint for a Civil Case" form. (Doc. No. 1, "Complaint"). On August 16, 2023, the

Sacramento Court transferred the action to this Division because the alleged violations took place in Kern County. (Doc. No. 3; *see also* Doc. No. 1). The Court permitted Plaintiff to proceed in this action *in forma pauperis*. (Doc. No. 4). On September 21, 2023, the Court issued an order finding the Complaint failed to state any cognizable constitutional claim. (Doc. No. 6). After Plaintiff failed to timely respond to the September 21, 2023 Order or file an amended complaint, the undersigned issued Findings and Recommendations to dismiss this case due to Plaintiff's failure to prosecute this action and/or comply with a court order. (Doc. No. 8). Plaintiff timely filed objections to the Findings and Recommendations, explaining that he failed to file a change of address with the Court as he homeless for a time. (Doc. No. 9). The Court construed the objections as a request for an extension of time to file an amended complaint and granted it. (Doc. No. 11). Thereafter, Plaintiff filed a First Amended Complaint. (Doc. No. 12, "FAC").

Plaintiff's FAC, like his initial Complaint, challenges his March 13, 2002 conviction entered by Kern County Superior Court for "LOL w/force on a minor," for which he was sentenced to 14.5 years in prison, plus five years parole and mental health counseling. (Doc. No. 12 at 5). The FAC names as Defendants Darrell Worthy and Cynthia Worthy, the grandparents of Chandra Moore, Plaintiff's victim. (*Id*. at 1, 5). Given Plaintiff's addresses of record and the information provided in his application to proceed *in forma pauperis*, Plaintiff is no longer incarcerated on the conviction he challenges.

Plaintiff challenges his conviction primarily based on "newly discovered evidence" and attaches a hand-written, notarized statement from Chandra Moore that states, "the charges brought against Samuel D. Jackson involving me as a victim are false." (*Id*. at 9). The FAC also asserts claims under the Fifth Amendment due process clause, the Fourteenth Amendment "preponderance of the evidence rule," and California Code of Civil Procedure § 335.7. (*Id*. at 3). As relief, Plaintiff requests "a collateral review" of his conviction, a new trial, or a finding that he is "actually innocent" of the charges of which he was convicted, and monetary damages of $140.00 for each day he "spent behind bars." (*Id*. at 8).

////

////

**APPLICABLE LAW AND ANALYSIS**

**A. Color of State Law**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

Here, on its face the FAC does not name any state actor as a Defendant. To the extent discernible, the two named Defendants are private citizens rather than government actors, and there are no facts alleged by which the Court could reasonably infer that either Defendant is a state actor. (*See* Doc. No. 5). Thus, Plaintiff cannot pursue a claim against Defendants in the present section 1983 action.

**B. Plaintiff's Claim Seeks Relief Not Available in a Section 1983 Action**

As the Court previously noted, because each of Plaintiff's claims stem from his underlying state court criminal conviction and trial, his claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff's criminal conviction has been reversed, expunged, or otherwise invalidated. *Id.*; *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014) (explaining the Supreme Court's ruling in *Heck v. Humphrey* that a conviction or sentence cannot be challenged under § 1983 until after the conviction or sentence is invalidated). Specifically, if a judgment in favor of a plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence[,]" the claim must be dismissed. *Heck*, 512 U.S. at 487. In contrast, civil suits that "threaten[ ] no consequence for [an inmate's] conviction or the duration of [their] sentence" do not require plaintiffs to first exhaust habeas opportunities before filing their civil claims. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The FAC does not

1   allege any facts indicating that Plaintiff's criminal conviction has been reversed, expunged, or
2   otherwise invalidated.  (*See* Doc. No. 12).

3         "In evaluating whether claims are barred by *Heck*, an important touchstone is whether a
4   § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been
5   convicted.'"  *Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir. 2002). Consequently, a
6   plaintiff's claims would be barred if they depend on a theory that calls into question whether the
7   plaintiff committed the offense for which he was convicted. In the Ninth Circuit, "application of
8   *Heck* turns solely on whether a successful § 1983 action would necessarily render invalid a
9   conviction, sentence, or administrative sanction that affected the length of the prisoner's
10  confinement.'"  *Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014) (quoting *Ramirez v.*
11  *Galaza*, 334 F.3d 850, 856 (9th Cir. 2003)).   A criminal conviction does not operate to bar a
12  § 1983 action only in rare circumstances.  A plaintiff may seek damages for an alleged Miranda
13  violation but only if the plaintiff's conviction did not rely on the evidence obtained from that
14  allegedly unlawful interview.  *Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014).  Claims
15  challenging the sufficiency of the evidence, claims that evidence was not properly suppressed,
16  claims of actual innocence, as Plaintiff asserts here, and claims of trial court error all impinge on
17  the validity of a conviction and would fall within the ambit of *Heck*.  *Wilkinson v. Dotson*, 544
18  U.S. 74, 81-82 (2005).  Thus, Plaintiff's claims are *Heck* barred.

19        The Court previously advised Plaintiff that the proper recourse for someone who wishes to
20  challenge a conviction as violative of federal constitutional protections or based on actual
21  innocence is to file a habeas corpus petition after such claimed federal constitutional errors have
22  been fully exhausted through the state court habeas process. *Preiser v. Rodriguez*, 411 U.S. 475,
23  486 (1973).  Although Plaintiff is no longer confined, it is unclear whether there are there are
24  collateral consequences to his conviction, i.e., whether his release is subject to conditions such
25  that a habeas petition would not be moot.  Because Plaintiff asserts a claim of actual innocence
26  without having previously sought and exhausted claims through a habeas corpus petition, his
27  claims are barred by *Heck*.

28        ////

**FINDINGS AND RECOMMENDATIONS**

Plaintiff here had an opportunity to cure the deficiencies in his initial complaint. In its prior screening order, the Court instructed Plaintiff in detail on the applicable law and pleading requirements. (*See* Doc No. 6). Despite affording Plaintiff an opportunity to correct the deficiencies in his original Complaint, the FAC again fails to adequately state any plausible § 1983 claim and largely repeats the same deficient claims alleged in the initial Complaint, which cannot be maintained in a section 1983 action. (*See* Doc Nos. 1, 12). The undersigned thus finds that any further leave to amend would be futile and recommends the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **RECOMMENDED**:

Plaintiff's First Amended Complaint be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim and the action be dismissed.

Dated:  February 21, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE